**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KITAYAMA,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>            Defendant. | CASE NO. CV 08-07696 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

        Giving Plaintiff Michael Kitayama the benefit of the doubt, the Administrative Law Judge found that Plaintiff had severe impairments of hypertension, renal disease and low back pain. [AR 13] He noted that Plaintiff had provided no records documenting treatment for any other physical or mental impairments, and had not been diagnosed with any functionally restrictive physical or mental impairments. [*Id.*] After conducting the familiar sequential evaluation, the Administrative Law Judge found that Plaintiff could perform his past relevant work as a printer, and therefore was not disabled.

        In this Court, Plaintiff asserts that he has a disabling mental impairment. The support for that assertion is said to come from an exhibit that Plaintiff attaches to his Memorandum in Support of Complaint filed in this Court. That exhibit is a copy of a report from the Friedman Psychiatric Medical Group. With this report forming the factual basis for his claims of error in this Court, Plaintiff argues that the Administrative Law

Judge did not sustain his obligation to develop the record, that he improperly found a residual functional capacity which allowed Plaintiff to return to his past relevant work, that he improperly found Plaintiff not credible, and that he improperly relied on the vocational expert's testimony.

Plaintiff first asserts that the Administrative Law Judge "agreed to hold the record open indefinitely for later submission of reports of anticipated upcoming neuropsychological evaluations through the Workers' Compensation case. (AR 22, 27)." Plaintiff's Memorandum in Support of Complaint 2:22-25.  The cited portions of the Administrative Record say nothing of the sort.  Plaintiff seems to acknowledge this, for then Plaintiff says that "[t]his is not reflected in the record, as the ALJ went off the record before stating his intentions. (See AR 31)." Plaintiff's Memorandum 2:25-26. The Administrative Record does in fact say that the Administrative Law Judge went off the record after testimony had concluded, but it does not say that doing so was for the purpose of holding the record open "indefinitely," or for any period. Nor is there anywhere else where the Administrative Law Judge committed to hold the record open for an indefinite period of time, a situation which would be quite unusual; there is no purpose in holding a hearing if a record is held open "indefinitely." An obligation to develop the record further arises only when the record is ambiguous or insufficient to allow an decision to be made. *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). No such obligation arose here.

Nor can this Court develop the record itself; this Court, of course, cannot rule on the basis of the exhibit Plaintiff presents here, but can only review the matters adjudicated by the Commissioner. *Ellis v. Bowen*, 820 F.2d 682, 684 (5th Cir. 1987) ("The role of the courts is wholly appellate. We review on the record made before the ALJ. The courts may not take new evidence . . . .") Under certain circumstances, however, the Court can remand a matter to the Commissioner for the purpose of considering new evidence. Plaintiff has not exactly moved for such a remand, but the Court will interpret his arguments as seeking such a remand.

The sixth sentence of 42 U.S.C. § 405(g) allows a remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). Even assuming the exhibit is material, there has been no showing of good cause for failure to incorporate the evidence into the record here. The Administrative Law Judge's decision here was dated May 15, 2007. But the exhibit refers to an examination which took place a month earlier, on April 10, 2007. Plaintiff, who was represented by counsel at the hearing, points the Court to nothing in the record where he advised the Administrative Law Judge that the examination had taken place. The report came out in August 2007, after the Administrative Law Judge's decision, but that was still before the Appeals Council had made its decision on Plaintiff's application for review. The regulations allow the submission of new and material evidence to the Appeals Council, *see* 20 C.F.R. § 404.970(b), but Plaintiff points to nowhere in the record where he submitted this report to the Appeals Council. Thus, although Plaintiff stated in his May 18, 2007 request to administratively review the decision that the "ALJ was to have supplemental hearing–Decision based on incomplete evidence" [AR 8], he apparently did not thereafter seek to have the Appeals Council consider the report. Plaintiff did request the tapes of the hearing, and the Appeals Council on January 18, 2008 sent them, along with stating that it would not act for another 25 days. [AR 6] So, five months after the report, the Appeals Council still had the matter as an open file, and told Plaintiff that it would not decide the matter for yet another twenty-five days, at least. Still, evidently, Plaintiff did not send in the report; accordingly, the Appeals Council's denial of review makes no mention of any additional material submitted. [AR 3]

In short, even if the report could be considered new evidence, and even if it could be considered material evidence — both of which also would be prerequisites for a Sentence Six remand — there is no good cause for failing to incorporate it into the proceedings before the Appeals Council. *Anderson v. Bowen*, 868 F.2d 921, 928 (7th Cir. 1989); *cf. Sanchez v. Secretary of Health and Human* Services, 812 F.2d 509, 511 (9th Cir.

1987); *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001).  This is important because, in the Ninth Circuit at least, the law provides that the administrative record consists of matters presented not only to the administrative law judge, but also to the Appeals Council, *Ramirez v. Shalala*, 8 F.3d 1449, 1451-53 (9th Cir. 1993), and it is that entire record which a Court reviews when a claimant brings the controversy to federal court.  *Id*.

Plaintiff's other arguments, concerning the residual functional capacity, the determination as to his credibility, and the reliance on the vocational expert's testimony, all depend upon whether the proffered new exhibit is before the Court.  They have no independent persuasiveness.  Since the exhibit is not before the Court, and Plaintiff has not satisfied the statutory requirement for remand to consider additional evidence, the decision of the Commissioner is affirmed.

DATED:   July 14, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE